### BURGOS v. BÁEZ.

### APPEAL from the District Court of San Juan, Section 2.

#### No. 646.—Decided May 23, 1911.

SECONDARY EVIDENCE—LOSS OF ORIGINAL DOCUMENT—COPY OF DOCUMENTS.—
During the trial of the case the plaintiff introduced evidence to show that the original copy of certain proceedings to secure a conciliation, which was alleged in the complaint, had been lost, and filed a simple copy thereof. The defendant objected to said evidence and the court, notwithstanding the fact that it believed that the loss of said original had been shown, denied the admission of said copy, inasmuch as it did not appear from the same that the defendant, who also appeared in said proceedings to secure a conciliation as such defendant, had signed it, or that being unable to sign, a witness had signed at his request. *Held:* That the court violated section 24 of the Law of Evidence in not admitting the secondary evidence.

PROCEEDINGS TO SECURE CONCILIATION—OLD LAW OF CIVIL PROCEDURE—REPEAL.—
General Order No. 118, series of 1899, which substantially changed the civil procedure, having been put in force, proceedings to secure conciliation became unnecessary in the institution of civil actions, and the old laws of civil procedure upon the subject were virtually repealed.

ACKNOWLEDGMENT OF DEBT—PERSONAL ACTION—PRESCRIPTION.—A debt having been acknowledged before a municipal judge, the secretary of the court, and two persons called "*hombres buenos,*" after General Order No. 118,

series of 1899, was put in force, and said acknowledgment having been made to appear in writing, it is impossible to prevent the introduction of evidence as to the holding of said proceedings, whose importance shall be· considered by the judge upon rendering the judgment. The action to which the creditor may resort to claim the payment of a debt thus confessed is a personal one which only prescribes in 15 years.

The facts are stated ·in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Joseph Anderson, Jr.,* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment rendered by the District Court of San Juan, Section 2, dismissing the complaint filed by Rafael Burgos against Andrés Báez to recover a sum of money. It is alleged in the complaint that Báez owed, and still owes, Burgos the sum of $541.70 for several amounts which he loaned him at different times, and provisions with which he supplied him for the support of his family. That as a consequence of said debt the plaintiff. and the defendant met before the Municipal Judge of Bayamón on April 18 for the purpose of effecting a conciliation, and at said meeting Báez acknowledged his indebtedness to Burgos in the aforesaid sum, offering to pay him with a certain property that he possesses in Bayamón,. which should be appraised by experts, and from the proceeds thereof Burgos was to collect his debt, returning the balance to Báez. That said agreement could not be complied with inasmuch as the defendant failed to appoint any appraising expert, and that the plaintiff has as yet been unable to collect his credit in any manner, having only received from the defendant on account of the debt 32 *almudes* of coffee, which are worth $22.16.

The complaint concludes with the prayer that for the payment of the debt in the manner agreed upon a judgment be rendered ordering the defendant to deliver the property described in the complaint, or that he pay to the plaintiff in cash the debt claimed, with interest and costs.

The defendant filed a demurrer to the complaint, which

was overruled by the court, and thereupon filed his answer, alleging in substance that the district court did not have jurisdiction, and that "if he ever owed anything to the plaintiff he had long since paid him all he owed him"; that although it is true that he and the plaintiff met before the Municipal Judge of Bayamón on April 18, 1901, for the purpose of a conciliation, the defendant has not taken any steps since then to render effective the agreement then made, and therefore he has now no rights, and that the property to which the complaint refers belongs to the conjugal partnership, and, his wife having died, one of his daughters is interested in the same.

The question of jurisdiction alleged by the defendant is groundless. The amount claimed in the complaint is $541, and therefore the original jurisdiction of the district court to take cognizance of the case was clearly established in accordance with the law.

This preliminary question having been settled, we shall proceed to consider and decide one of the grounds of demurrer alleged by the plaintiff and appellant which, in our opinion, raises the fundamental question involved in this appeal.

During the trial of the case the plaintiff introduced evidence tending to show that the original agreement made in the proceedings for conciliation had been lost as alleged in the complaint, and then presented a simple copy thereof. The defendant opposed the admission of said evidence, and the court refused its introduction, notwithstanding the fact that the court was of the opinion that the loss of said original had been shown, inasmuch as it did not appear from the copy that the defendant, who also appeared as such in said proceedings for conciliation, had signed it, or that, being unable to do so, a witness had signed at his request in the manner provided in section 471 of the old Law of Civil Procedure.

The admission of this evidence was and is of great importance for the plaintiff and appellant, considering the alle-

gation of prescription made by the defendant and respondent; and the court having reached the conclusion that the original of said agreement made in the proceedings for concilation had been lost, it is evident that the court in not admitting the secondary evidence violated section 24 of the Law of Evidence.

On April 18, 1901, the date on which it is alleged that the proceedings for concilation were held, General Order No. 118, series of 1899, which had fundamentally changed the civil procedure in Porto Rico, was already in force. The preliminary proceedings for conciliation became unnecessary for the institution of civil actions, and the provisions of the old Law of Civil Procedure upon the subject were virtually repealed.

Such being the case, the proceedings for concilation alleged to have been held in this case have no legal importance as such, and it is unnecessary to find out whether or not the same were held in accordance with all the requirements of the law; but if it is shown that two persons appeared before a judge and, moreover, that the secretary of the court and two persons called *"hombres buenos"* were present, and then one of the parties acknowledged to be indebted to the other in a certain sum of money, and such acknowledgment was made to appear in writing, it is impossible to prevent the introduction of evidence as to said proceedings, and the importance of said evidence shall subsequently be considered by the judge in rendering the proper judgment.

The act shall not have the force of an agreement which has been made to appear in a public document, but should its certainty be properly shown, it will be at least an acknowledgment of a liquidated debt which has been made to appear in a private document, and the proper action to which the creditor may resort for the collection thereof is evidently a personal one prescribing in 15 years. (Sec. 1963 of the old Civil Code and 1865 of the Revised Civil Code.)

In view of the foregoing, and having carefully examined the manner in which the answer has been drawn as well as the other circumstances of this case, we are of the opinion that the judgment appealed from should be reversed and a new trial granted wherein the parties may amply prove their pleadings in accordance with the law.

*Reversed.*

Chief Justice Hernández and Justices MacLeary and Wolf concurred.

Mr. Justice Aldrey did not take part in the decision of this case.